

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| NATHAN, E., | ) | No. CV 11-5041-SJO (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER DENYING MOTION AND DISMISSING ACTION** |
| BUSBY, | ) | |
| Respondent. | ) | |

By way of background, on October 30, 1997, petitioner filed a habeas petition in this Court, CV 97-8012-RAP (BQR), in which he challenged his October 10, 1995, conviction for attempted burglary in the Los Angeles County Superior Court. In a memorandum decision, the petition was dismissed without prejudice on November 13, 1997, for failure to exhaust state remedies. (See Rule 60(b)(6) Motion, Exhibit L at p. 1; Report and Recommendation of United States Magistrate Judge ("R&R"), Case No. CV 03-1863-SJO (PLA) at p. 2). On December 4, 1997, petitioner filed a second habeas petition in this Court, Case No. CV 97-8934-RAP (BQR), which was dismissed without prejudice on August 24, 1998, for failure to exhaust state remedies. (See Rule 60(b)(6) Motion, Exhibit L at p. 5; R&R, Case No. CV 03-1863-SJO (PLA) at pp. 2-3). On September 14, 1998, petitioner filed a third habeas petition in this Court, Case No. CV 98-7431-DT (BQR), arguing that 1) the prosecution failed to establish beyond a reasonable doubt that petitioner had the requisite intent

to commit attempted burglary, and 2) petitioner received ineffective assistance of trial counsel. The petition was dismissed on the merits with prejudice on October 26, 2000. (See Rule 60(b)(6) Motion, Exhibit L at pp. 6-11; R&R, Order Adopting R&R, and Judgment, Case No. CV 98-7431-DT (BQR)). Petitioner's requests for a certificate of appealability were denied by the District Court and Ninth Circuit. (See Docket Nos. 31, 38, Case No. CV 98-7431-DT (BQR)). The Ninth Circuit also denied petitioner's motion to reconsider the denial of a certificate of appealability. (See Rule 60(b)(6) Motion, Exhibit L at p. 13). On March 17, 2003, petitioner filed a fourth habeas petition in this Court, Case No. 03-1863-SJO (PLA), in which he again contended that he received ineffective assistance of trial counsel. (See R&R, Case No. CV 03-1863-SJO (PLA) at p. 4). The Court found the 2003 petition successive and determined that petitioner had not provided documentation showing that he received authorization from the Ninth Circuit to file a successive petition. Accordingly, the Court dismissed the 2003 petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit to file a successive petition. (See R&R, Order Adopting R&R, and Judgment, Case No. CV 03-1863-SJO (PLA)).

Now before the Court is petitioner's "Motion to Set Aside Default Judgement [sic] Pursuant to F.R[.]C[.]P. 60(b)(6)" (the "Motion"), filed on June 15, 2011, in which petitioner contends that the District Court "committed clear 'error'" in denying his claim that there was insufficient evidence to establish that he had the specific intent necessary to commit attempted robbery. (See Motion at pp. 5, 8-10). For the reasons stated below, the Court dismisses the Motion without prejudice as a successive petition.

## DISCUSSION

### A. THE RULE 60(b) MOTION

Citing Fed. R. Civ. P. 60(b)(6), petitioner in the Motion contends that the California Court of Appeal and the District Court failed to properly apply the standard outlined in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), for reviewing a state prisoner's habeas claim of insufficiency of the evidence. (See Motion at pp. 8-9). Specifically, petitioner contends that the California Court of Appeal and the District Court did not adequately look to state

law to determine what evidence was necessary to sustain a conviction for attempted burglary -- especially with regard to whether petitioner possessed the required specific intent to be found guilty of that crime. (Motion at pp. 9-12); see Jackson, 443 U.S. at 324 n.16.

Rule 60(b) provides that a district court may relieve a party from a judgment on six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Generally, a Rule 60(b) motion must be made within a "reasonable time"; however, for reasons (1), (2) and (3), the motion must be filed not more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Here, petitioner apparently is seeking relief from the 2000 Judgment in Case No. CV 98-7431-DT (BQR) -- in which petitioner's federal habeas claims of insufficiency of the evidence and ineffective assistance of counsel were denied on the merits and with prejudice -- under Rule 60(b)(6), the so-called "catchall" provision. Rule 60(b)(6) authorizes a district court to vacate a judgment "whenever such action is appropriate to accomplish justice." United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir. 1982) (citation omitted). To obtain relief under Rule 60(b)(6), a litigant must demonstrate that "extraordinary circumstances" exist that justify the reopening of a final judgment. Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir. 1989).

The Court can consider a Rule 60(b) motion in a habeas action when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). For example, a motion that "challenges only the District Court's failure to reach the merits" of a claim -- e.g., because the court concluded that the statute of limitations barred the petition -- may be properly raised in a Fed. R. Civ. P. 60(b) motion. Id. at 535, 538. To the extent, however, that a petitioner in a Rule 60(b)(6) motion attempts to "add a new ground for relief," or "assert, or reassert, claims of error in the movant's state conviction," the Court cannot rule upon the motion because it is, in substance, a successive habeas petition "and should be

treated accordingly." See id. at 531-32, 538; see also 28 U.S.C. § 2244(b). Similarly, a Rule 60(b)(6) motion challenging a federal court's resolution of a habeas claim on the merits must be treated as a successive petition "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez, 545 U.S. at 532.

Because petitioner asserts in the Motion that he is entitled to habeas relief because there was insufficient evidence to establish that he possessed the requisite intent to commit attempted burglary under California law -- i.e., the same claim raised in his third petition -- and because he challenges the Court's 2000 decision denying habeas relief on the merits of that claim, his Motion is, in substance, a successive petition. See Gonzalez, 545 U.S. at 531-32, 538; see also McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits."); Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984 (2003).

**B.    SUCCESSIVE PETITION**

"If an application [for habeas relief] is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Magwood v. Patterson, ___ U.S. ___, 130 S.Ct. 2788, 2796 (2010) (citing 28 U.S.C. 2244(b)(3)(A) (requiring authorization from the Court of Appeals to file a successive petition)). When this Court denied petitioner's 2003 habeas petition without prejudice, petitioner was advised that he must obtain authorization from the Ninth Circuit before this Court could entertain his successive petition. The Court also explained that because the record did not reflect that petitioner obtained such an authorization, the Court lacked jurisdiction to consider the 2003 petition. (See R&R, Case No. CV 03-1863-SJO (PLA) at pp. 5-6). At this time, there is *still* no indication in the instant Motion or in the overall record that petitioner has obtained authorization from the Ninth Circuit for this Court to consider a successive petition in this case. To the contrary, petitioner attaches to the instant Motion three Orders issued by the Ninth Circuit on July 24, 2003, June 1, 2009, and August 9, 2010, denying petitioner's applications for authorization to file a second or successive petition. (See Motion, Exhibit L at pp. 17, 22-24). Thus, the Court concludes that it is without jurisdiction to entertain the

4

Motion under 28 U.S.C. § 2244(b). See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (where a prisoner does not seek and obtain an order from the Court of Appeals authorizing him to file a second or successive habeas petition, the district court lacks jurisdiction to consider the successive petition); Magwood, 130 S.Ct. at 2796 ("if [a petitioner's] application [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety [if] he failed to obtain the requisite authorization from the Court of Appeals").

Accordingly, the Court finds that denial of the Motion is appropriate as it is, in substance, a successive habeas petition, and there is no indication in the record showing that petitioner received authorization from the Ninth Circuit to file a successive petition.

**ORDER**

It is hereby **ORDERED** that the Motion is **denied,** and this action is **dismissed without prejudice** as a successive habeas petition.

DATED: 6/21/11

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE